Mr. Chief Justice Bingham
delivered the opinion of the Court:
This case comes before us again on the appeal of the defendants, Henry M. Marshall and others, from the orders passed at the Special Term, June 26, 1888, and July 31, 1888, overruling motions of said defendants for leave to file supplemental and amended answers in said cause.
By the act of Congress, approved August 2,1882, chapter 375, which made an appropriation for “improving the *9 Potomac River in the vicinity of Washington with reference to the improvement of navigation, the establishment of harbor lines, and the raising of the flats, under the direction of the Secretary of War,” authority was given the Attorney-General to cause a suit or suits in law or in equity to be instituted in the naifie of the United States, in the Supreme Court of the District of Columbia, against any and all claimants of title under any jfatent, which, in his opinion, was by mistake or was improperly or illegally issued for any part of the marshes or flats within the limits of the proposed improvements.
By another and further act entitled “An act to protect the interests of the United States in the Potomac River flats in the District of Columbia,” approved August 5, 1886, it was made the duty of the Attorney-General to institute in the same court “ a suit against all persons and corporations who may have or pretend to have any right, title, claim, or interest in any part of the land or water in the District of Columbia, within the limits of the city of Washington, or exterior to said limits and in front thereof toward the channel of the Potomac River and composing any part of the land or water affected by the improvements of the Potomac River or its flats, in charge of the Secretary of War, for the purposes of establishing and making clear the right of the United States thereto.”
This last act provided that the suit “ shall be in the nature of a bill in equity, and there shall be made parties defendant thereto all persons and corporations known to set up or assert any claim or right to or in the land or water in the said first section mentioned and against all other persons and corporations who may claim to have any such right and interest.” It is also provided that process should issue according to the regular course of this court; that publication should be made in the newspapers in Washington for a stated time, “ citing all persons and corporations interested in the subject-matter of said suit or land or *10 water in this act mentioned to appear at a day named in such motion in said court to answer said bill and set forth and maintain any right, title, interest, or claim that any person or corporation may have in the premises; and the court may order such further notice as it shall think fit to any party in interest.”
The present appellants in this case were specifically made parties to the bill filed by the Attorney-General as persons pretending to have some title and interest to and in the land and water referred to. The bill alleges that “ the complainant is not sufficiently informed as to the nature and extent of said claims to set them out with particularity, and the complainant leaves them to present their claims and answers hereto as they may be advised.”
The order of publication provided for in the act was made in this suit. The appellants filed their answer January 5, 1887, setting forth a claim to the whole of the Potomac River, by virtue of mesne conveyances deriving title from the grants of King Charles II and King James II of a tract of land in America known as Northern Neck of Virginia, and upon this answer issue was joined.
In Special Term they asked to be allowed to file amended or supplemental answers, in which, in brief, they set forth that since the commencement of this action they have obtained a release from the present owner of the title by regular succession from Lord Baltimore under the patent issued to him as lord proprietor of Maryland, and asserting that, while they still rely upon and affirm the title set forth in the original answer as good and indefeasible, yet for the purpose of bringing in that which is a cloud upon their title, a claim to this land asserted on the part of the party claiming to be the owners of the patent issued to Lord Baltimore, and of certain rights and interest under that patent, they have obtained a release of that claim ; and because of the fact that there has been much dispute between these two titles, both in the judicial and political departments of *11 the Government, they ask now that they may be permitted to set forth this title and claim of ownership of which they have become possessed.
It is objected by the United States, first, that inasmuch as the Act of 1886 fixed a time within which all persons asserting a claim were to answer the 'bill, by implication those who did not answer within that time were estopped from asserting any claim, and that to permit the appellants to file .this supplemental answer is equivalent to permitting them to file at this stage of the case aboriginal answer.
We do not understand from our examination of the act of Congress, it was the intention of Congress to absolutely deny the right of any party to come in after the day named in the original notice. We rather understand the reverse, that the proceedings are to be according to the usual course in courts of equity, and in accordance with such course the justice presiding is invested with a discretion, upon proper showing, to permit a party at any time before final hearing to amend a pleading or to file a supplemental pleading, if facts have arisen justifying it since the filing of the original pleading. That is according to the usual course in equity, and we think it was the intention that the proceedings in this suit should be conducted in that way, and hence that the court below was invested with a discretion, if the showing and reason for filing the supplemental answer was sufficient to authorize it to be done.
The second objection of the United States to the filing of this answer is that, though the court will ordinarily allow amended and supplemental answers to be filed, in order to perfect the pleadings in a suit in chancery or to set up new matter not in the original answer, yet the amended and supplemental answer should not be allowed to be filed because of the passage of certain confiscation acts of Maryland which are not set up in this bill. In other words, the United States really claims that, looking to the history of the State of Maryland, there are well-known facts.of which *12 the court will take notice, which show, as it is claimed, that the title and all rights growing out of the issuance of this patent to Lord Baltimore are now in the Government of the United States; that in the revolutionary war, by reason of certain confiscation acts by the legislature of Maryland, these proprietary rights were all forfeited to the State of Maryland, and have been and were in the State of Maryland up to the date of the act of cession, whereby all the rights of Maryland passed to the United States Government and have been there ever since.
This raises a question of great importance as between those who claim to represent by inheritance or devise the interest in the patents issued to Lord Baltimore and the Government, and we think, upon the whole, looking to the spirit and intent of this act, that all persons claiming any interest in the land and water or any title of any description in the land and water should appear and answer and set forth their claim and title; that thereupon it should be adjudged whether or not they had any such interest or title, and if any, it should be ascertained of what value their interest or claim is, in order that it may be reported to the Congress of the United States;'that the object of Congress in making this provision must have been to completely quiet the title of the United States in this land and water, and that all claims of every nature should be presented and adjudicated, so that thereafter there shall be no annoyance either by suits in court or by applications to Congress for any allowance by reason of the rights or interests claimed to have been taken and used by the United States, in the making of this improvement, without Compensation. We believe, such being the object and purpose of the act of Congress, it is better that we should permit the supplemental answer to be filed, and that the parties interested should have a hearing in a proper way upon the merits. It is presumed that the last supplemental answer offered will be the one that the parties desire to have filed.
*13 Upon full consideration of the matter we have decided to reverse the order of the. Special Term overruling the motion of the defendants who are appellants in this matter for leave to file the answer.
• In thus deciding it is proper to say that we do not intend to pass upon the merits of the defense set forth in these supplemental answers, leaving the whole matter to be determined upon the merits as the court may be advised upon issues as hereafter made.